## J. P. TIDMORE v. STATE.

No. A-8228.   Dec. 4, 1931.
(5 Pac. [2d] 770.)

Hughes & Hughes, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of possession of intoxicating liquor, and sentenced to pay a fine of $150, and to be confined in the county jail for 90 days, and has appealed.

The testimony on behalf of the state tends to show that the officers went to the filling station of the defendant and searched the same, and on the inside of the filling station found a pint bottle about half full, and a half-pint bottle about half full of what the witnesses state was whisky, some empty bottles and a number of fruit jars filled with water, which the witness designated as water from the artesian plunge.   This was all the whisky that was found on defendant's premises.   The officers claimed they searched on what was known as an old highway and found some whisky.   It was not on the defendant's lots and was as near to buildings owned by other parties as it was to the defendant's building.

The defendant testified in his own behalf and stated he lived in Mountain View, Okla.; he had lived in that community for 25 years; on the 14th day of March, 1931, he was running a filling station in the west part of Mountain View. Defendant further stated he did not know anything about the small quantity of whisky the officers claim they found in his filling station; he saw the officer when he found the pint bottle, which was about half full, near the ice box. Defendant testified he had been hauling water from the artesian plunge; that he drank some of the water and used the water to wash at the filling station, as he got lots of grease on him; he had nothing to do with the whisky and knew nothing about the whisky the officers claim they found on the old roadway, near the property of other parties. Several witnesses testify to his previous good character.

The information charges defendant did unlawfully, willfully, wrongfully, and intentionally have in his possession intoxicating liquor, to wit, whisky, with the unlawful intent to barter, sell, give away, and otherwise furnish the same to other persons unlawfully, without stating any quantity of whisky the defendant possessed.

There is no testimony tending to show that the defendant had any whisky in his possession with intent to barter, sell, give away or otherwise furnish to others. The quantity of whisky claimed to have been found in the filling station is not sufficient to make the possession of the same prima facie evidence of intent to barter, sell, give away or otherwise furnish to others.

There being no testimony to show that the defendant was in possession of any whisky with intent to barter, sell, give away, or otherwise furnish to others, we hold the

412

evidence is insufficient to sustain the judgment. The cause is reversed.

EDWARDS, J., concurs. CHAPPELL, J., dissenting.